CV 12 2770

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ JUN 0 1 2012 ★

LONG ISLAND OFFICE

---------------------------------------------------------------X
JOHN C. FREUDENBERG, LAURENT BARBOU,      :
JULIEN BLAIR, CHARLES BORGER, ROBERT      :
D'ELIA, and KEITH WILKEN,      :
     :
     :    **COMPLAINT**
       Plaintiffs,      :
     :
   -against-      :
     :    **ECF CASE**
MEDISYS MANAGEMENT LLC d/b/a      :
MEDISYS HEALTH NETWORK,      :
THE JAMAICA HOSPITAL, BROOKDALE      :
UNIVERSITY HOSPITAL AND MEDICAL      :
CENTER, and FLUSHING HOSPITAL MEDICAL      :
CENTER,      :
     :
       Defendants.      :
---------------------------------------------------------------X

GLASSER, J

POLLAK, M

Plaintiffs John C. Freudenberg, Laurent Barbou, Julien Blair, Charles Borger,

Robert D'Elia, and Keith Wilken ("plaintiffs"), by their attorneys, The Law Office of

Raymond Nardo and Berke-Weiss & Pechman LLP complaining of defendants Medisys

Management LLC d/b/a Medisys Health Network ("Medisys"), The Jamaica Hospital,

Brookdale Hospital Medical Center ("Brookdale Hospital") and Flushing Hospital

Medical Center ("Flushing Hospital") (collectively referred to herein as "defendants"),

allege:

## NATURE OF THE ACTION

1.      This action is brought to recover unpaid overtime, and other monies

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New

York Labor Law § 190, *et seq.* ("NYLL"), on behalf of paramedic supervisors and

equipment coordinators who work or have worked for the defendants, and were unlawfully denied overtime pay to which they were entitled.

2.     Plaintiffs seek compensation, unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

3.     This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

4.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as defendants are located in the Eastern District of New York.

## THE PARTIES

**Plaintiffs**

5.     John C. Freudenberg resides in Nassau, New York.  Freudenberg has been employed as a paramedic supervisor for defendants since 1997.

6.     Laurent Barbou resides in Nassau County, New York. Barbou has been employed as a paramedic supervisor for defendants since on or about 2009.

7.     Julien Blair resides in Queens, New York. Blair has been employed as a paramedic supervisor for defendants from 2003 to present.

8.      Charles Borger resides in Nassau, New York. Borger has been employed as a paramedic supervisor for defendants since September 2009.

9.      Robert D'Elia resides in Lynbrook, NY.  Since approximately 1996 on D'Elia has been employed as an Equipment Coordinator for defendants.

10.     Keith Wilken resides in Nassau, New York.  Wilken has been employed as a paramedic supervisor for defendants since on or about August 2005.

11.     Plaintiffs were defendants' employees within the meaning of the FLSA and the NYLL, and worked for defendants as employees subject to the overtime provisions of the NYLL and the FLSA.

**Defendants**

12.     Defendant Medisys is a New York corporation engaged in the operation of hospitals and/or care of the sick and is a healthcare consortium. Medisys is located at 89-06 135th Street, Jamaica, New York 11418.

13.     Defendant Brookdale University Hospital and Medical Center is a not-for-profit community-based hospital and extended care facility. Brookdale Hospital is located at One Brookdale Plaza, Brooklyn, New York 11212.

14.     Defendant The Jamaica Hospital is a not-for-profit teaching hospital. The Jamaica Hospital is located at 8900 Van Wyck Expressway, Jamaica, New York 11418.

15.     Defendant Flushing Hospital is a not-for-profit teaching hospital and extended joint care facility. Flushing Hospital is located at 4500 Parsons Boulevard, Flushing, New York 11212.

3

## JOINT EMPLOYER ALLEGATIONS

16.     MediSys Health Network Inc., The Brookdale Hospital Medical Center, Flushing Hospital and Medical Center, and The Jamaica Hospital are related organizations through, *inter alia*, common membership, governing bodies, and trustees and/or officers.

17.     Defendants constitute an integrated, comprehensive, consolidated health care delivery system, offering a wide range of services. For example, defendants have centralized and common supply chain management, and financial, computer, payroll, attendance and health records systems that are integrated throughout their locations which are controlled and administered by MediSys.

18.     Defendants' labor relations and human resources are centrally organized and controlled, as well as the maintenance of system-wide policies and certain employee benefit plans.

19.     Defendants share common management, including oversight and management by a senior executive team and board of directors.

20.     Upon information and belief, defendants have common ownership.

21.     At all relevant times, MediSys has suffered or permitted plaintiffs to perform work for it at various health care locations.

22.     MediSys operates locations, either directly or indirectly through the Health Centers and Affiliates, and therefore is the employer of plaintiffs who are or were employed at all locations.

4

23.     Defendants are the employer (single, joint or otherwise) of the plaintiffs, and/or alter egos of each other.

24.     In light of the economic realities of the enterprise operated by MediSys, MediSys is a joint employer of plaintiffs.

25.     Defendants comprise a single, integrated enterprise, as they perform related activities through common control for a common business purpose.

26.     Plaintiffs are or have been jointly employed by defendants.

### DEFENDANTS' FAILURE TO PAY OVERTIME

27.     The FLSA and NYLL require that employers pay all employees one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

28.     Plaintiffs are "non-exempt" employees under the FLSA and NYLL .

29.     As paramedic supervisors and equipment coordinators employed by defendants, plaintiffs were paid on an hourly basis.

30.     As paramedic supervisors and equipment coordinators employed by defendants, plaintiffs were paid straight time (i.e. their regular hourly rate) for hours worked in excess of forty (40) in a given week.

31.     Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

32.    Plaintiffs repeat and reallege paragraphs 1 through 19 as if fully set forth herein.

33.    Defendants were required to pay plaintiffs no less than one and one-half times the regular rate at which plaintiffs were employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

34.    Defendants failed to pay plaintiffs the overtime wages to which they are entitled under the FLSA.

35.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs overtime wages.

36.    Due to defendants' violations of the FLSA, plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

37.    Plaintiffs repeat and reallege paragraphs 1 through 24 as if fully set forth herein.

38.    Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs time and one half of the regular rate for all hours they worked in excess of forty (40).

39. Defendants failed to pay plaintiffs the overtime wages to which they were entitled under the NYLL.

40. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs the correct amount of overtime wages.

41. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a. to declare that defendants have violated the overtime provisions of the FLSA and the NYLL;

b. to declare that defendants' violations of the FLSA were willful;

c. to award plaintiffs liquidated damages under the FLSA and the NYLL;

d. to award plaintiffs prejudgment interest under the NYLL;

e. to award plaintiffs reasonable attorneys' fee and costs pursuant the FLSA and the NYLL;

f. to award monetary and punitive damages against defendants; and

g. to award such other and further relief as the Court deems just and proper.

7

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand

a trial by jury in this action.

Dated:  New York, New York
June 1, 2012

THE LAW OFFICE OF RAYMOND NARDO

By: _____
Raymond Nardo
129 Third Street
Mineola, New York 11501
(516) 248-2121

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman
Jessica Tischler
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500

*Attorneys for Plaintiffs*